IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FLORINO AND VILMA MENDOZA § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. _____ |
| LEXINGTON INSURANCE COMPANY § | |
| AND DWIGHT JOHNSON § | |
| § | |
| Defendants. § | |

### DEFENDANT LEXINGTON INSURANCE COMPANY'S
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant LEXINGTON INSURANCE COMPANY ("Lexington") files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following.

**I.**

**Factual Background**

1. On or about April 15, 2016, Plaintiffs Florino Mendoza and Vilma Mendoza ("Mendoza") filed their Original Petition in a case styled *Florino and Vilma Mendoza v. Lexington Insurance Company and Dwight Johnson*, Cause No. 16-DCV-231625, pending in the 434th Judicial District Court for Fort Bend County, Texas.

2. Lexington Insurance Company (Lexington) received service of the Original Petition on April 29, 2016. Defendant Lexington filed their Original Answer to Plaintiff's Original Petition on May 23, 2016. Citation on Defendant Dwight Johnson ("Johnson") has never been served, and he has not appeared.

3. Lexington files this notice of removal within 30 days of this case becoming removable and within one year from the commencement of the action. *See* 28 U.S.C. §1446(b) and (c).

4. Attached hereto are copies of the following documents:

- **Exhibit A:** Index of matters filed with attached State Court Clerk's file including processes, pleadings, and orders served in State Court case, and a copy of the State Court Docket Sheet;

- **Exhibit B:** List of Parties and Counsel.

## II.

## Basis For Removal

5. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### Plaintiff and Lexington Are Diverse

6. Upon information and belief, Plaintiffs, Florino Mendoza and Vilma Mendoza, were residents of the state of Texas at the time the lawsuit was filed.

7. Lexington is, and was at the time the lawsuit was filed, incorporated under the laws of the state of Delaware, with its principal place of business in Boston, Massachusetts.

8. Co-Defendant Johnson, is not properly joined as a party to this lawsuit. Johnson, the non-diverse defendant, is a citizen of the state of Texas.

    a. **Co-Defendant, Johnson, has been improperly joined in this lawsuit.**

9. A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th

Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Lexington would show that "there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573. Johnson, the non-diverse defendant, never committed any torts in his individual capacity.

10. The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Original Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id*. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant [Johnson] does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). In the context of joinder of non-diverse insurance adjusters, the Southern District has required Plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York,* Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.,* Civ. A. No.

H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.,* Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

11.   Here, Plaintiffs fail to offer any specific facts in support of their claims against Johnson, the non-diverse defendant, that are distinct from Plaintiffs' claims against Lexington, and therefore fail to state a viable state law claim against Johnson, individually. *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

12.   Plaintiffs' allegations against Johnson are conclusory, in that they contain no reference to any material facts to which the law should apply.  Aside from alleging that Johnson was assigned by Lexington to adjust the claim, Plaintiffs' only factual allegations that apply specifically to Johnson are the generic and conclusory allegations that Johnson: (1) improperly adjusted the claim; (2) failed to fully quantify the damages and made errors in estimating the value of the claim, thereby failing to adequately compensate Plaintiffs for the alleged loss; and (3) made unspecified misrepresentations to Plaintiffs regarding coverage for the claim.  Just as in *Okenkpu* cited above, Plaintiffs' Original Petition "fails to specify any statements which Plaintiffs consider being misrepresentations or fraudulent, Plaintiffs do not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL 1038678 at *6.

13. Briefly summarizing statutory language and common law causes of action, as Plaintiffs did here, is not the same as pleading actionable facts to which a cause of action should apply. Thus, there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Johnson. *Griggs*, 181 F.3d at 699-701; *Keen*, 875 F.Supp.2d at 686 (because Plaintiff's claims against the adjuster are identical to his claims against the insurer, Plaintiff fails to adequately state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

14. Further, without asserting facts as to how Johnson individually, and not as an independent adjuster assigned by Lexington, committed an actionable *violation* of the Texas Insurance Code, Plaintiffs' claims cannot survive dismissal. See *Bell Atlantic Corp. vs. Twombly*, 550 U.S. 544, 555 (2007). Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants. *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication). Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007). Here, the alleged harm is Lexington's failure to pay the claim.

15. "[T]o state a valid state law cause of action, Plaintiffs' Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery." *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)). However, it fails to do so. Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient to establish a state law cause of action. *See Ashcroft v. Iqbal*, 129 S.Ct 1297 (2009). It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he/she theoretically could have possibly violated the Insurance Code. *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of damages). The Court noted the expert's testimony that the software was widely used and explanation as to how he derived the figures in his estimate "did not in itself make the figure unreasonable." *Id.* at 627-28. This, however, is precisely the pleaded claims against Johnson in the Original Petition. As pleaded, these claims are not actionable, and the claims against Johnson are asserted only in an attempt to defeat diversity jurisdiction.

16. The claim at issue, no matter how Plaintiffs couch it in the lawsuit, is whether Lexington owes Plaintiffs any amount for a covered loss. Plaintiffs' claims are for economic losses against Lexington, which are contractual claims. Further, a *bona fide* dispute as to coverage or the amount of the claim precludes claims of bad faith and Insurance Code violations as a matter of law. Therefore, Plaintiffs' assertions against Johnson, the non-diverse defendant,

fail to show any likelihood of recovery against Johnson, individually.  The citizenship of the non-diverse Defendant Johnson, therefore, is disregarded and removal of this case is proper.

### b. The amount in controversy exceeds the jurisdictional requirements for subject matter jurisdiction.

17. As alleged in their Original Petition, Plaintiffs stipulate that they seek monetary relief between $100,000 and $200,000.  *See* Plaintiff's Original Petition, paragraph 7 (**Exhibit A**).  Therefore, the amount in controversy exceeds the jurisdictional requirements for removal.

### III.

### The Removal is Procedurally Correct

18. Because it is being filed within 30 days after the case became removable and within one year from the commencement of the action, the removal is timely under 28 U.S.C. § 1446(b) and (c).

19. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

20. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

21. Promptly after Lexington files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

22. Promptly after Lexington files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Fort Bend County District Court pursuant to 28 U.S.C. §1446(d).

23. Consent of an improperly joined defendant is not necessary for removal. Johnson has not been made a defendant.

## IV.

## Conclusion

24. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Lexington hereby removes this case to this Court for trial and determination.

    Respectfully submitted,

By: */s/ Jennifer M. Kearns*
**Jennifer M. Kearns**
State Bar No. 24049865
Southern District No. 1127140
Thompson, Coe, Cousins & Irons, L.L.P.
701 Brazos, Suite 1500
Austin, Texas  78701
Telephone:  (512) 703-5032
Facsimile:  (512) 708-8777
jkearns@thompsoncoe.com

**ATTORNEY FOR DEFENDANT
LEXINGTON INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on the 26th day of May, 2016, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure and any applicable Local Rules, as follows:

Chad T. Wilson
CWilson@cwilsonlaw.com
Christian E. Hawkins
CHawkins@cwilsonlaw.com
CHAD T. WILSON LAW FIRM PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137


                                         /s/ *Jennifer M. Kearns*
                                         Jennifer M. Kearns