# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **FLORINO AND VILMA MENDOZA** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **LEXINGTON INSURANCE COMPANY** | § | |
| **AND DWIGHT JOHNSON** | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF MATTERS BEING FILED

Exhibit A:    Index of matters filed with attached State Court Clerk's file including processes, pleadings and orders served in State Court case and copy of State Court Docket Sheet

Exhibit B:    List of Parties and Counsel



**EXHIBIT**

A

# REGISTER OF ACTIONS
## CASE No. 16-DCV-231625

| | |
|---|---|
| Florino and Vilma Mendoza vs Lexington Insurance Company and Dwight Johnson §<br>§<br>§<br>§<br>§ | Case Type: **Contract -**<br>**Consumer/Commercial/Debt**<br>Date Filed: **04/15/2016**<br>Location: **434th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant or Respondent | **Johnson, Dwight**<br>Missouri City, TX 77459 | |
| Defendant or Respondent | **Lexington Insurance Company**<br>Boston, TX 02110-2378 | **Jennifer Kearns**<br>*Retained*<br>512-703-5032(W) |
| Plaintiff or Petitioner | **Mendoza, Florino**<br>Houston, TX 77083 | **Chad T Wilson**<br>*Retained*<br>832-415-1432(W) |
| Plaintiff or Petitioner | **Mendoza, Vilma**<br>Houston, TX 77083 | **Chad T Wilson**<br>*Retained*<br>832-415-1432(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 04/15/2016 | **Docket Sheet**<br>*Docket Sheet* |
| 04/15/2016 | **Petition        Doc ID# 1**<br>*Plaintiff's Original Petition, Jury Demand, and Request for Disclosure* |
| 04/15/2016 | **Case Information Sheet**<br>*Civil Case Information Sheet* |
| 04/15/2016 | **Letters**<br>*Cover Letter* |
| 04/22/2016 | **Issuance        Doc ID# 2**<br>*Citation by C/M Issued to Lexington Insurance Company* |
| 04/22/2016 | **Citation by Certified Mail**<br>CMRRR 9414 7266 9904 2953 8557 87 |

| | | Served | 05/04/2016 |
|---|---|---|---|
| | Lexington Insurance Company | Returned | 05/04/2016 |

| | |
|---|---|
| 04/22/2016 | **Issuance        Doc ID# 3**<br>*Citation by C/M Issued to Dwight Johnson* |
| 04/22/2016 | **Citation by Certified Mail**<br>CMRRR 9414 7266 9904 2953 8557 94 |

| | | |
|---|---|---|
| | Johnson, Dwight | Unserved |

| | |
|---|---|
| 05/23/2016 | **Answer/Contest/Response/Waiver        Doc ID# 4**<br>*Defendant Lexington Insurance Company's Original Answer and Affirmative Defenses* |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant or Respondent** Lexington Insurance Company | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 05/25/2016** | | | **0.00** |
| 05/24/2016 | Transaction Assessment | | | 2.00 |
| 05/24/2016 | E-filing | Receipt # 2016-30310-DCLK | Lexington Insurance Company | (2.00) |

| | | | | |
|---|---|---|---|---|
| | **Plaintiff or Petitioner** Mendoza, Florino | | | |
| | Total Financial Assessment | | | 539.00 |
| | Total Payments and Credits | | | 539.00 |
| | **Balance Due as of 05/25/2016** | | | **0.00** |
| 04/15/2016 | Transaction Assessment | | | 539.00 |
| 04/15/2016 | E-filing | Receipt # 2016-21592-DCLK | Mendoza, Florino | (539.00) |

Filed
4/15/2016 9:34:08 AM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Debra Elizondo

NO. **16-DCV-231625**

| | | |
|---|---|---|
| FLORINO AND VILMA MENDOZA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| LEXINGTON INSURANCE COMPANY | § | Fort Bend County - 434th Judicial District Court |
| And DWIGHT JOHNSON, | § | |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

**PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND,
AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Florino and Vilma Mendoza ("Plaintiffs"), and file **Plaintiffs' Original
Petition, Jury Demand, and Request for Disclosure** complaining of Lexington Insurance
Company ("Lexington") and Dwight Johnson ("Johnson") (or collectively "Defendants") and for
cause of action, Plaintiffs respectfully show the following:

**DISCOVERY CONTROL PLAN**

1.    Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4
      and 169.

**PARTIES**

2.    Plaintiffs, Florino and Vilma Mendoza, reside in Fort Bend County, Texas.

3.    Defendant, Lexington Insurance Company, is a Texas insurance company, engaged in the
      business of insurance in the State of Texas.  Plaintiffs request service of citation upon
      Lexington, through its mailing address listed with the Texas Department of Insurance, **99
      High Street, Floor 23, Boston Massachusetts 02110-2378**.  Plaintiffs request service at

this time.

4.      Defendant, Dwight Johnson, is an adjuster who resides in Missouri City, Texas.  Plaintiffs request service of citation upon Dwight Johnson at the address listed with the Texas Department of Insurance: **7810 Northwinds Drive, Missouri City, Texas 77459**. Plaintiffs request service at this time.

## JURISDICTION

5.      The Court has jurisdiction over Lexington Insurance Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

6.      The Court has jurisdiction over Dwight Johnson because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of Johnson's business activities in the State of Texas, including those in Fort Bend County, Texas, with reference to this specific case.

## VENUE

7.      Venue is proper in Fort Bend County, Texas, because the insured property is located in Fort Bend County, Texas, and all, or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.      Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of

2

the Texas Insurance Code, and violations of the Texas DTPA.

9.      Plaintiffs own a Lexington Insurance Company homeowner's insurance policy, number TWP31950483 ("the Policy"), which was issued by Lexington.   At all relevant times, Plaintiffs owned the insured premises located at 15023 Tramore Drive, Houston, Texas 77083 ("the Property").

10.     Lexington or its agent sold the Policy, insuring the Property, to Plaintiffs.   Lexington represented to Plaintiffs that the Policy included hail and windstorm coverage for damage to Plaintiffs' home.

11.     On or about August 11, 2015, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas, area.

12.     In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Lexington against the Policy for damage to the Property.  Lexington assigned claim number 683-637214 to Plaintiffs' claim.

13.     Plaintiffs asked Lexington to cover the cost of damage to the Property pursuant to the Policy.

14.     Lexington assigned or hired Johnson to adjust the claim.

15.     Lexington, through its agents, namely Johnson, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

16.     The initial adjustment of the claim occurred on or around October 6, 2015.  The report generated by Johnson found that there was $1,653.22 in damage from a covered peril to the property.

3

17.    In his estimate, Johnson, and thus Lexington acknowledges damage to the roof, gutters, downspouts, vents, windows and HVAC system. This estimate, documents $1,653.22 in covered damage to P's property, which was considerably below their $5,000.00 deductible. The exact amount of the policy deductible. This left Plaintiffs without adequate recovery to complete proper repairs on their home

18.    Lexington has ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage, as well as payment to repair interior damage to the living room, a hallway, the master bath, and shower in a manner that complies with Fort Bend County building codes. The damage to the interior of the Property is a direct result of the exterior damage caused by the wind and hailstorm. The damage to Plaintiffs' Property is currently estimated at $37,031.09.

19.    As stated above, Lexington improperly adjusted Plaintiffs' claim. Without limitation, Lexington misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

20.    Lexington made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Lexington made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Johnson.

21.    Plaintiffs relied on Lexington's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs'

Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

22.  Upon receipt of the inspection and estimate reports from Johnson, Lexington failed to assess the claim thoroughly. Based upon Lexington's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Lexington failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

23.  Because Lexington failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

24.  Furthermore, Lexington failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Lexington refused to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

25.  Lexington's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant Lexington and Plaintiffs.

26.  Lexington's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Lexington has failed to settle Plaintiffs' claim in a fair manner, although Lexington was aware of its liability to Plaintiffs under the Policy. Specifically, Lexington has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by

failing to timely pay Plaintiffs coverage due under the Policy.

27.     Lexington's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (2) (A).  Defendant Lexington failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

28.     Additionally, after Lexington received statutory demand on or about January 11, 2016, Lexington has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

29.     Lexington's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  Lexington refused to provide full coverage to Plaintiffs under the Policy due to Defendants' failure to conduct a reasonable investigation.

30.     Specifically, Lexington, through its agents, servants, and representatives, namely Johnson, performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

31.     Lexington's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Lexington failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

32.     Lexington's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Lexington failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Lexington has

6

delayed full payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' claim.

33. Lexington's wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT LEXINGTON INSURANCE COMPANY

### BREACH OF CONTRACT

34. Lexington is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Lexington and Plaintiffs.

35. Lexington's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Lexington's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

36. Lexington's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

37. Lexington's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

38.  Lexington's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Lexington's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

39.  Lexington's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

40.  Lexington's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41.  Lexington's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

42.  Lexington's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.  Lexington's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

8

44.     Lexington's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Lexington knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

45.     Lexington's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Lexington pursuant to the DTPA.   Plaintiffs have met all conditions precedent to bringing this cause of action against Lexington.   Specifically, Lexington's violations of the DTPA include, without limitation, the following matters:

   A.     By its acts, omissions, failures, and conduct, Lexington has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Lexington's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   B.     Lexington represented to Plaintiffs that the Policy and Lexington's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.     Lexington represented to Plaintiffs that Lexington's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.     Lexington advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.     Lexington breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.     Lexington's actions are unconscionable in that Lexington took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Lexington's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.     Lexington's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

46.     Each of the above-described acts, omissions, and failures of Lexington is a producing cause of Plaintiffs' damages.  All of Lexington's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

47.     Lexington is liable to Plaintiffs for common law fraud.

48.     Every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as they did, and Lexington knew the

10

representations were false or made recklessly without any knowledge of their truth as a positive assertion.

49.     Lexington made these statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon these statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT DWIGHT JOHNSON

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

50.     Johnson's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

51.     Johnson is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Lexington, because Johnson is a "person" as defined by TEX. INS. CODE §541.002(2).

52.     Johnson's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

53.     Johnson's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a) (3).

54.  Johnson knowingly underestimated the amount of damage to the Property.   As such, Johnson failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

55.  Furthermore, Johnson did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

**DTPA VIOLATIONS**

56.  Johnson's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Johnson pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against Johnson.  Specifically, Johnson's violations of the DTPA include the following matters:

A.  By Johnson's acts, omissions, failures, and conduct, Johnson has violated sections 17.46(b) (2), (5), and (7) of the DTPA.  Johnson's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.  Johnson represented to Plaintiffs that the Policy and Johnson's adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

12

C. Johnson represented to Plaintiffs that the Policy and Johnson's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b) (7) of the DTPA.

D. Johnson's actions are unconscionable in that Johnson took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Johnson's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E. Johnson's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

57. Each of Johnson's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Johnson, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

58. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

59. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

**DAMAGES**

60. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claims in violation of the laws set forth above.

61. Plaintiffs currently estimates that actual damages to the Property under the Policy are 37,031.09.

62. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

63. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

64. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

65. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus an eighteen percent (18%) per annum penalty

14

on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

66.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Lexington owed, exemplary damages, and damages for emotional distress.

67.   Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

68.   For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

69.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the

15

reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

70.　As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.  A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

71.　Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

72.　Plaintiffs hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, Lexington Insurance Company and Dwight Johnson, be cited and served to appear, and that upon trial hereof, Plaintiffs, Florino and Vilma Mendoza, recover from Defendants, Lexington Insurance Company and Dwight Johnson, such sums as

would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ Chad T. Wilson

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Christian E. Hawkins
Bar No. 24092499
CHawkins@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFFS

17

Filed
5/23/2016 4:41:41 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Nereyda Flores

CAUSE NO. 16-DCV-231625

| | | |
|---|---|---|
| FLORINO AND VILMA MENDOZA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | FORT BEND COUNTY, TEXAS |
| LEXINGTON INSURANCE COMPANY | § | |
| AND DWIGHT JOHNSON, | § | |
| | § | |
| Defendants. | § | 434TH JUDICIAL DISTRICT |

## DEFENDANT LEXINGTON INSURANCE COMPANY'S ORIGINAL ANSWER and AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Lexington Insurance Company files this Original Answer and Affirmative Defenses and respectfully show the Court the following:

### I.
### ORIGINAL ANSWER

1.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained within the Plaintiffs' Original Petition, and since they are allegations of fact, Plaintiffs should be required to prove them by a preponderance of the evidence in accordance with the laws of the state of Texas.

### II.
### AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant asserts the following affirmative defenses:

2.1     Plaintiffs have failed to satisfy all conditions precedent to filing its claims under the TEXAS INSURANCE CODE.  Plaintiffs failed to give written notice to Defendant at least sixty (60) days before filing suit as required under section 541.154 of the TEXAS INSURANCE CODE.

2.2     Pleading further, Plaintiffs fail to state a claim upon which relief may be granted.

2.3     Defendant will further show that Plaintiffs failed to mitigate their damages.

2.4     Pleading further, Defendant did not breach any duties allegedly owed to Plaintiffs and, at all times, acted reasonably and in good faith.

2.5     Pleading further, Defendant will show that Plaintiffs' damages, if any, are unrelated to any act, error, or omission by Defendant, and that Defendant's actions were not the proximate or producing cause of any of Plaintiffs' alleged damages.

2.6     Defendant further pleads that Plaintiffs' alleged damages are the result of an intervening, superseding, or independent cause for which Defendant has no responsibility.

2.7     Defendant asserts its rights under the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICES & REMEDIES CODE, including but not limited to (1) the right to receive the appropriate credit, offset, or reduction in judgment based upon any settlement plaintiffs have made or may make with any other defendant or for any amount of money collected from any other defendant by settlement, compromise, or agreement, or in payment of any judgment entered in this case; and, (2) the right to a separate determination by the trier of fact of the percentage of responsibility of each named defendant, each settling person or entity, and each responsible third party.

2.8     Pleading further, Defendant Lexington asserts that it has not violated section 542 of the TEXAS INSURANCE CODE and did at all times comply with the time frame required under that statute.

2.9     Defendant Lexington asserts that a bona fide dispute exists with respect to the policy of insurance issued to Plaintiff.  The existence of a bona fide dispute precludes any extra-contractual claims.

2.10     Defendant affirmatively pleads that the damages sought by this lawsuit against Defendant are the result, in whole or in part, of pre-existing damages, of Plaintiffs' property, or

complications of such damages, and are not the result of any act or omission on the part of Defendant.

2.11     Defendant asserts Plaintiffs are responsible for knowing, and are charged with full knowledge of all terms, conditions, exclusions and provisions of their insurance policy.

2.12     As a matter of law, Plaintiffs have the burden of segregating their covered damages from their uncovered damages, including but not limited to, segregating alleged damage to the roof systems of Plaintiffs' property and interior damage to Plaintiffs' property caused by an excluded cause of loss from any damage which is caused by a covered cause of loss under the policy.

2.13     Defendant further asserts that in the unlikely event they are held liable in the above-referenced matter, the damages recoverable should be limited to the amounts and conditions set forth in Chapter 41.001, et. seq. of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, or its predecessor and/or subsequent or related provisions of the TEXAS CIVIL PRACTICES AND REMEDIES CODE.

2.14     Pleading further Defendant allegea by way of affirmative defense that the imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitutions of the State of Texas in one or more of the following respects, to wit:

> Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims by at least clear and convincing evidence standard of proof.
>
> The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the law constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States; and the Eighth Amendment to the

Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

2.15    Subject to these defenses, Defendant denies all allegations and demands strict proof by a preponderance of evidence.

2.16    Defendant is without knowledge or information sufficient to form a belief as to whether other defenses may apply in this matter.  Defendant expressly reserves its right to raise any additional defenses that may be revealed by investigation or discovery.

## IV.
## CONCLUSION AND PRAYER

Wherefore, premises considered, Defendant Lexington Insurance Company prays that Plaintiffs take nothing by their suit, and for such other further relief to which Defendant may show itself justly entitled.

Respectfully submitted,

By:    _/s/ Jennifer M. Kearns_____
**Jennifer M. Kearns**
State Bar No. 24049865
Thompson, Coe, Cousins & Irons, L.L.P.
701 Brazos, Suite 1500
Austin, Texas  78701
Telephone:  (512) 703-5032
Facsimile:  (512) 708-8777
jkearns@thompsoncoe.com

**ATTORNEY FOR DEFENDANT**
**LEXINGTON INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2016, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties in accordance with the Texas Rules of Civil Procedure:

Chad T. Wilson
CWilson@cwilsonlaw.com
Christian E. Hawkins
CHawkins@cwilsonlaw.com
CHAD T. WILSON LAW FIRM PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137


                                    /s/ *Jennifer M. Kearns*
                                   Jennifer M. Kearns